UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X   For Online Publication Only
DEBRA CONNOLLY,

                Petitioner,

                                                                   **ORDER**
     -against-                                  17-CV-4004 (JMA)

NASSAU UNIVERSITY MEDICAL CENTER,

                Respondent.
-----------------------------------------------------------------------X

**JOAN M. AZRACK, District Judge:**

      Pro se petitioner, Debra Connolly, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. However, it appears from the Petition that Connolly is challenging her confinement by state authorities. A petition pursuant to 28 U.S.C. § 2241 is, thus, not the proper vehicle for Connolly to challenge her confinement. Rather, "[a] petition under 28 U.S.C. § 2254 is the appropriate vehicle to challenge both a criminal conviction and an involuntary civil commitment by a state." Dippell v. Nassau, No. 15-CV-2548, 2016 WL 1267167, at *3 (E.D.N.Y. Mar. 31, 2016) (citing Duncan v. Walker, 533 U.S. 167, 176 (2001) and Buthy v. Comm. of Office of Mental Health of New York State, 818 F.2d 1046, 1051 (2d Cir. 1987)). "In order to bring a habeas petition under § 2254, the petitioner must first exhaust available remedies in state court. If [Connolly] files [a § 2254] petition, she must explain to the Court how she has exhausted her state remedies." Id. (citing 28 U.S.C. § 2254(b)(1)(A)).

      Accordingly, Connolly's Petition brought pursuant to 28 U.S.C. § 2241 is dismissed without prejudice and with leave to file a petition pursuant to 28 U.S.C. § 2254 once Connolly has exhausted her state remedies.

**SO ORDERED**.                                                /s/ JMA
                                                               Joan M. Azrack
Dated:  July 20, 2017                            United States District Judge
         Central Islip, New York